**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-01854-CJC(MLGx)　　　　　　　　　Date:  December 10, 2010

Title: <u>AURORA LOAN SERVICES LLC V. MANUEL TIRADO</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

| <u>Michelle Urie</u> | <u>    N/A    </u> |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:　　ATTORNEYS PRESENT FOR DEFENDANT:

　None Present　　　　　　　　　　　　　　None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE TO STATE COURT** [filed 12/3/10]

　　　　Plaintiff Aurora Loan Services LLC filed suit in California state court on August 6, 2010 alleging unlawful detainer by Defendant Manuel Tirado for his refusal to vacate the property located at 5651 Camp Street in Cypress, California after the property was sold at a foreclosure sale on June 3, 2010.  Plaintiff is seeking damages of $50.00 per day. (Notice of Removal Ex. 1 at ¶ 9.)  Mr. Tirado removed this action to federal court on December 3, 2010, alleging federal question and diversity jurisdiction.  (Notice of Removal at 2.)

　　　　In a case removed from state court, a district court must remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction.  28 U.S.C. §1447(c).  A federal court has subject matter jurisdiction over a case that either raises a question under federal law or is between diverse parties and involves an amount in controversy of over $75,000.  28 U.S.C. §§ 1331, 1332.  The Court, on its own motion, REMANDS this action to state court because the Court lacks either federal question or diversity jurisdiction.

　　　　A cause of action arises under federal law only when a question "arising under" federal law appears on the face of the plaintiff's well-pleaded complaint. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  A defendant may not remove a case by asserting a defense based in federal law, and "original jurisdiction is lacking even if a defense is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-01854-CJC(MLGx)  Date: December 10, 2010
  Page 2

---

alleged to be based exclusively on federal law." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987). Mr. Tirado appears to be invoking federal question jurisdiction based his discovery request pursuant to the Federal Rules of Civil Procedure. (Notice of Removal at 2.) The Federal Rules of Civil Procedure do not provide a substantive basis for federal question jurisdiction. Nothing in the Plaintiff's complaint raises a question arising under federal law, so Mr. Tirado cannot establish federal question jurisdiction.

Mr. Tirado also attempts to invoke diversity jurisdiction in their Notice of Removal. Mr. Tirado alleges that the amount in controversy in the state court action exceeds $95,000. (Notice of Removal at 2.) However, Mr. Tirado admits that he is a current resident of the State of California. Section 1441(b) prohibits removal of an action based on diversity jurisdiction where the defendant seeking removal is a resident of the state where the action is brought. 28 U.S.C. § 1441(b). The "forum defendant" rule reflects the understanding that federal diversity jurisdiction is not necessary to protect the interests of in-state defendants. *Spencer v. U.S. Dist. Court*, 393 F.3d 867, 870 (9th Cir. 2004). Mr. Tirado is barred from removing this action on the basis of diversity jurisdiction.

Therefore, the Court, on its own motion, hereby REMANDS this suit to state court because the Court lacks subject matter jurisdiction.

mkyc

MINUTES FORM 11
CIVIL-GEN  Initials of Deputy Clerk MU